**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0628-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JALIYL AMAKER, a/k/a
JAMALL BROWN, JALIL
BROWN, JAYLIL AMAKER,
JALIYL S. AMAKER, JALIVI S.
AMAKER, JAVLIL AMAKER,
JAYLIL TAYLOR, and JOLLI,

    Defendant-Appellant.

_____

Submitted April 23, 2024 – Decided May 2, 2024

Before Judges Gooden Brown and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 17-04-0256.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jaliyl Amaker appeals from the Law Division's August 31, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We incorporate herein the procedural history and facts set forth in our decision affirming defendant's convictions and sentence on direct appeal in State v. Amaker, No. 5068-20 (App. Div. Dec. 14, 2020), certif. denied, 247 N.J. 410 (2021). The parties are fully familiar with these matters and, therefore, we will not reiterate them here.

In his direct appeal, defendant asserted that "the trial court erred when it held that defendant's severance motion was untimely and refused to consider the merits of that motion." Amaker, slip op. at 8. We concluded that defendant's contention on that point was "substantively meritless." Id. at 12.

In explaining our ruling, we noted that the trial court granted the co-defendant's motion for a judgment of acquittal prior to the jury's deliberations, which "effectively severed" the co-defendant and the statement he made to defendant to "throw the gun" from the case. Ibid. "Second, the court provided

2

two strongly worded limiting instructions that directed the jury to give no consideration to [the co-defendant's] statement." Id. at 12-13. Finally, we found that defendant suffered no prejudice from the court's denial of his severance motion because "the evidence of [his] guilt was overwhelming." Id. at 13.

In his PCR petition, defendant claimed that his trial attorney's "failure to file [the] severance motion in [a] timely fashion" constituted ineffective assistance and required a new trial. According to defendant, the trial court likely would have granted a timely motion and, had that occurred, the result of his trial would have been different.

After oral argument, the trial court[1] rendered a thorough written decision concluding that defendant's contention was procedurally barred by Rule 3:22-5.[2] The trial court explained:

> In reviewing [defendant's] claims of ineffective assistance of counsel, this [c]ourt notes that, substantively, trial counsel . . . *did* move to sever the

---

[1] The judge who presided over defendant's trial also decided defendant's PCR petition.

[2] Rule 3:22-5 states that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal from such proceedings." Thus, Rule 3:22-5 bars consideration of a contention presented in a PCR petition "if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal." State v. Marshall, 148 N.J. 89, 150 (1997).

joint trial and successfully argued against admission of the co-defendant's statement once the co-defendant's motion for a judg[]ment of acquittal had been granted. The co-defendant's statement *was*, in fact, struck from the record, and this [c]ourt twice gave curative instructions to the jury. On direct appeal, appellate counsel raised both the severance motion and the prejudicial impact of the co-defendant's statements. Plainly, the representation provided by both trial counsel and appellate counsel did not fall below an objective standard of reasonableness.

Because defendant failed to establish a prima facie case of ineffective assistance of trial counsel, the trial court denied his petition for PCR without an evidentiary hearing. This appeal followed.

On appeal, defendant raises the same argument he unsuccessfully presented to the trial court. Defendant contends:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A <u>PRIMA FACIE</u> CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO TIMELY MOVE TO SEVER THE JOINT TRIAL WITH HIS CO-DEFENDANT WHOSE INCULPATORY STATEMENT IRREPARABLY PREJUDICED DEFENDANT.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate

specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further,

because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Where, as here, a defendant asserts his attorney was ineffective by failing to file a motion, he must establish that the motion would have been successful. "It is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ." State v. O'Neal, 190 N.J. 601, 619 (2007).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in the trial court's written opinion. We discern no abuse of discretion in the court's consideration of the issues, or in its decision to deny the petition without an evidentiary hearing.

Because defendant unsuccessfully raised virtually the same argument in his direct appeal as he did in his PCR petition, his petition was barred by Rule 3:22-5. We are also satisfied that the trial attorney's performance was not deficient and defendant suffered no prejudice from the pre-trial denial of his severance motion.[3] Therefore, defendant did not meet either prong of the

_____

[3] As we noted in our opinion on defendant's direct appeal, the result of the trial would not have been different given the overwhelming evidence of defendant's

<u>Strickland</u> test, which requires a showing that trial counsel's performance was deficient and that, but for that deficient performance, the result would have been different.  <u>Strickland</u>, 466 U.S. at 687.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

guilt and the fact that the co-defendant was effectively severed from the case before it went to the jury.  <u>Amaker</u>, slip op. at 12-13.

A-0628-22